IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUSTER JAMES CRISP,            )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )
ALLIED INTERSTATE COLLECTION   )         1:15cv303
AGENCY; PORTFOLIO RECOVERY     )
ASSOCIATES, LLC d/b/a PRA,     )
LLC; COLLECTO INC. d/b/a EOS   )
CCA; and ONLINE COLLECTIONS    )
SERVICES,                      )
                               )
          Defendants.          )

## **MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

Using what is facially apparent to be a boilerplate complaint from a wholly different legal action in Ohio, Plaintiff Luster James Crisp brings claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Before the court are motions for judgment on the pleadings by Defendants Portfolio Recovery Associates, LLC ("Portfolio") (Doc. 32), Collecto, Inc. ("Collecto") (Doc. 25), and Online Information Services ("Online") (Doc. 37). Crisp has filed responses to Collecto's and Online's motions (Docs. 30, 42) but has not responded to Portfolio's motion. For the reasons set forth below, the motions will be granted, and all claims against Portfolio, Collecto, and Online will be

dismissed.[1]

**I.   BACKGROUND**

The complaint is organized as a series of counts, each directed at a different Defendant and containing its own "Plain Statement" of allegations.  (See Doc. 2.)  The allegations in the claims against Portfolio (Count III), Collecto (Count IV), and Online (Count V) are identical, except for a single sentence identified below.  Rather than attempt to parse the complaint's factual allegations from its numerous legal conclusions, the court will reproduce the "Plain Statement" portion of the relevant claims in their entirety:

> The defendant sent written communication to the plaintiff claiming to be the creditor of the plaintiff and demanding money in exchange for not suing the plaintiff. The defendant mailed a series of written communications to the plaintiff with the same message, each of which appear [sic] to have been calculated to coerce the plaintiff into providing financial disclosures and money in exchange for the promise of not suing him or garnishing his wages.
>
> The plaintiff responded each time with a notice of dispute and demanding [sic] that the defendant's claims be validated with some record or information demonstrating that the defendant had the legal right to obtain and use the plaintiff's personal information and to collect the purported debt.
>
> The defendant failed to answer these requests or respond.
>
> The defendant threatened to report unpaid amounts

---

[1] The complaint also asserts claims against Defendant Allied Interstate Collection Agency ("Allied").  Allied initially filed (Doc. 23) but subsequently withdrew (Doc. 41) a motion to dismiss the claims against it.

2

to a third party debt collector, namely the Internal Revenue Service, for the purpose of subjecting the plaintiff to taxes on amounts of money falsely claimed and reported by the defendant.

The defendant made false representations that it had the rights [sic] to contact the plaintiff under certain credit agreements, but when asked for validation or verification, no response was given.

The defendant has falsely represent [sic] the amount alleged to be owed by the plaintiff or the amount of compensation the defendant will receive. The plaintiff has requested that the defendant disclose its interests.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its collection actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions. The plaintiff has reason to believe that a group of individuals are using the corporate name of the defendant to conceal their efforts and illegal actions in order to escape liability when exposed. The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have against the plaintiff. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights to collect money from the plaintiff if plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making [sic] regular payments of money to

3

the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not collecting and has only provided copies of records that could have been obtained from the plaintiff's credit file, trash or other records held for the plaintiff by other third parties.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a collection action against the plaintiff when it has no such rights [sic] to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sue the plaintiff for money and damage his good name and reputation and cause him to incur unnecessary legal expenses in defending himself.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases [sic] for value. The defendant claims to be representing creditors, whether or not they are creditors of the plaintiff, these claims have never been verified as requested by the plaintiff.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and

4

benefit without any permissible purpose.[2]

(Doc. 2 at 6–8.)[3]

## II. ANALYSIS

### A. Failure to Properly Respond to Defendants' Motions

As an initial matter, the court must note that Crisp failed to properly respond to Defendants' motions for judgment on the pleadings.

The court issued Crisp a "Roseboro" letter for each of Defendants' motions (Docs. 28, 35, 40), which informed him of his right to respond to the motions and the deadlines for doing so, instructed him that any response should contain his reasons for opposing the motion and citations to supporting authorities, and warned him that, if he failed to properly respond, "it is likely your case will be dismissed or judgment granted in favor of the defendants." (Id.) Despite these clear instructions and warnings, Crisp failed to respond at all to Portfolio's motion. When a party fails to timely respond to a motion, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k). This court

---

[2] This final sentence appears twice in Count III against Portfolio (Doc. 2 at 8), once in Count V against Online (id. at 14), and is missing entirely from Count IV against Collecto (id. at 11).

[3] For the sake of simplicity, this and all other citations to the complaint will refer to the page numbers associated with Count III.

has strictly enforced Local Rule 7.3(k),[4] and Crisp's failure to respond to Portfolio's motion weighs in favor of dismissal.

And although Crisp filed responses to the motions by Collecto and Online, his filings contain only conclusory assertions that the complaint is sufficient along with promises to disclose the factual basis for his claims "in the plaintiff's 'Rule 26(a)' disclosure statement and subsequent discovery efforts." (Doc. 30 at 1; Doc. 42 at 1.) Crisp fails to cite any fact to support his claims and does not address the contentions and arguments raised by Defendants. His responses fail to comply with Local Rule 7.2(a), which requires response briefs to contain, at a minimum, a concise statement of the facts (supported by reference to the official record in the case) and legal argument (supported by statutes, rules, or other authorities). Crisp cannot avoid dismissal by promising to disclose the basis for his claims during discovery.

These failures provide grounds for dismissal, but the court need not rely solely on Crisp's deficiencies in responding because, as noted below, his complaint otherwise fails to state a claim upon which relief can be granted.

---

[4] Crisp's complaint and response briefs also fail to comply with other local rules, particularly with regard to the formatting of documents filed with the court. All parties, whether pro se or not, are required to follow all of the pertinent rules, including Local Rule 7.1, before filing any document with the court.

6

**B.     Failure to State a Claim**

Portfolio, Collecto, and Online move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. The standard of review is the same as that employed on motions to dismiss under Rule 12(b)(6).  Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014).  To survive dismissal, therefore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A claim is not plausible, however, when it contains only "'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

When reviewing a motion for judgment on the pleadings, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor.  Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014). Legal conclusions are not entitled to the presumption of truth, however.  Iqbal, 556 U.S. at 678.  The court is also not "obliged to accept allegations that 'represent unwarranted inferences,

7

unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey, 759 F.3d at 353 (quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006)).

Crisp is proceeding pro se. A pro se litigant is entitled to some consideration of his non-lawyer status, and the court construes his pleadings liberally. See Valentine v. Potter, No. 1:09-CV-880, 2013 WL 1320474, at *2 (M.D.N.C. Mar. 20, 2013) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, such liberal construction does not "undermine Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (citations omitted).

Here, Crisp's complaint consists of boilerplate accusations that appear to have been copied wholesale from a different legal action in Ohio. The accusations in the complaint's "Plain Statement" sections do not allege specific events or communications between the parties or even name specific Defendants. In the absence of any specific factual allegation about the Defendants or their conduct, the court cannot draw a reasonable inference that the any Defendant is liable under the FDCPA. And although it is possible to imagine factual allegations that are not inconsistent with the assertions and conclusions in the complaint, the court cannot "shoulder the full burden of

8

fashioning a viable complaint for a *pro se* plaintiff." Simon v. Shawnee Corr. Ctr., No.13-521-GPM, 2013 WL 3463595, at *1 (S.D. Ill. July 9, 2013).

In short, the complaint tenders only "'naked assertion[s] devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Even construed liberally, and in the absence of specific factual allegations regarding the Defendants' conduct, it fails to state a claim. Accordingly, the motion for judgment on the pleadings by Portfolio, Collecto, and Online should be granted.

**C.  Other Problems with Crisp's Claims**

Because the complaint lacks any factual detail, the court cannot rule out the possibility that Crisp might have the potential of stating a claim. Under these circumstances, dismissal is ordinarily without prejudice. But because the documents properly before the court[5] cast serious doubt on Crisp's claims and Crisp is appearing pro se, the court is obliged to point out several deficiencies that are apparent in the pleadings, as amplified by their attachments.

---

[5] In adjudicating a motion under Rule 12(c), the court may consider the complaint, the answer, and any documents incorporated by reference into these pleadings. Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012). The court may also consider documents attached to dispositive motions so long as these documents are "integral to the complaint and authentic." See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (motion to dismiss for failure to state a claim); see also Massey, 759 F.3d at 353 (motion for judgment on the pleadings).

9

First, documents before the court indicate that the Defendants did not violate the four specific FDCPA provisions cited in the complaint. (Doc. 2 at 8.) The first two provisions generally prohibit debt collectors from threatening to arrest the debtor, garnish his wages, or take any other action which cannot legally be taken. See 15 U.S.C. §§ 1692e(4), 1692e(5). The third provision generally requires debt collectors to disclose certain information about the original creditor, the debt, and the debtor's rights. See id. § 1692g(a). The final provision provides generally that, if a debtor takes certain steps to dispute the validity of the debt, the debt collector must cease all debt collection activities until the debt is verified by the original creditor and this information is shared with the debtor. See id. § 1692g(b).

As noted above, the boilerplate accusations in the complaint do not contain material that can be understood as factual allegations. Construed liberally, the conclusory allegations charge at best the following relevant conduct: (1) the Defendants threatened to report Crisp's unpaid debts to the IRS (Doc. 2 at 10); (2) the Defendants threatened to file frivolous legal actions for the purpose of damaging Crisp's reputation and forcing him to incur "unnecessary legal expenses" (id. at 11); and (3) the Defendants continued their attempts to collect the debts without responding to Crisp's demands for validation (see id. at 10–11).

The documents before the court contradict these allegations. As part of their motions for judgment on the pleadings, Portfolio, Collecto, and Online submitted records of their communications with Crisp. (See Doc. 27 ¶¶ 3–6; Doc. 34 at 1–2; Doc. 39 ¶¶ 3–8.)[6] None of these documents threatens to report Crisp to the IRS or file litigation for an improper purpose. (See Doc. 27-1; Doc. 34 at 4–5, 10–19, 24–41; Doc. 39-1; Doc. 39-3; 39-5.) In addition, the initial communication from each Defendant contains all of the information required by Section 1692g(a). (See Doc. 27-1 at 2–3; Doc. 34 at 4; Doc. 39-1 at 2.) Finally, after Crisp disputed the debts, each Defendant complied with Section 1692g(b) by either providing validation of the disputed debt (see Doc. 34 at 10–18; Doc. 39-3 at 2-4) or, in Collecto's case, ceasing collection attempts altogether (see Doc. 27 ¶¶ 3–6). Thus, absent a dispute about the validity of these documents or allegations that the Defendants are omitting other communications with Crisp, there is

---

[6] The court may consider such documents without converting the motion into one for summary judgment where they are integral to the allegations of the complaint and their authenticity is not disputed. See Sec'y of State for Defence, 484 F.3d 700 at 705; see also Massey, 759 F.3d at 353. In response to Online's motion, Crisp claims that the "written communications that have given rise to the complaint will be disclosed in the plaintiff's 'Rule 26(a)' disclosure statement and subsequent discovery efforts." (Doc. 42 at 1.) Crisp also submitted an affidavit in response to Collecto's motion claiming that copies of Collecto's collection notices were attached as exhibits to the complaint. (Doc. 30 at 3.) The complaint does not contain any attachments, however, and Crisp's other filings do not contain collection notices. In any event, Crisp does not directly dispute the authenticity of the documents submitted by Portfolio, Collecto, or Online, and he failed to respond to Portfolio's motion entirely.

11

no basis for believing that the Defendants violated the FDCPA provisions cited in the complaint.

Second, the complaint fails to establish that Crisp's debts are covered by the FDCPA. The FDCPA is intended "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Consequently, it defines a "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." Id. § 1692(a)(5). Case law interpreting this definition is "sparse." Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86, 88 (1994). Nevertheless, the Fourth Circuit has held that a plaintiff's child support obligations were not debts for FDCPA purposes "because they were not incurred to receive consumer goods or services." See id.; see also Smith v. EVB, 438 F. App'x 176, 179 (4th Cir. 2011) (holding that a loan qualified as a "debt" when it was "personal in nature," rather than for "commercial" use). Here, the complaint contains no factual allegation to permit the court to draw an inference that Portfolio, Collecto, or Online attempted to collect obligations arising from money loaned primarily for personal, family, or household purposes (e.g., no factual information about the underlying transaction(s), Crisp's original purpose in entering them, the uses to which he put the money, or the entities from whom he borrowed).

12

Third, it appears that any claim Crisp may have had against Collecto is barred by the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k(d); Olson v. Midland Funding, LLC, 578 F. App'x 248, 250 (4th Cir. 2014). A statute of limitations is an affirmative defense that, while not ordinarily considered at the pleadings stage, is an appropriate basis for decision where the face of the complaint, in connection with properly considered documents referenced therein, reveal its merit. See Brooks v. City of Winston—Salem, N.C., 85 F.3d 178, 181 (4th Cir.1996); West v. ITT Continental Baking Co., 683 F.2d 845, 845–46 (4th Cir. 1982). Here, there is no indication that Collecto had any contact with Crisp after March 22, 2014, the date Collecto received Crisp's letter demanding validation of the debt. (See Doc. 27 ¶ 5–6; Doc. 27-2 at 2.) The complaint is dated March 31, 2015, and was filed on April 8, 2015. (Doc. 2 at 1, 19.) If this is accurate, any claim Crisp may have had against Collecto based on communications that occurred prior to April 8, 2014, would be time-barred.

### III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Portfolio's motion for judgment on the pleadings (Doc. 32) is GRANTED and Crisp's claim against Portfolio (Count III) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Collecto's motion for judgment on the pleadings (Doc. 25) is GRANTED and Crisp's claim against

13

Collecto (Count IV) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Online's motion for judgment on the pleadings (Doc. 37) is GRANTED and Crisp's claim against Online (Count V) is DISMISSED WITHOUT PREJUDICE.

As noted, in light of Crisp's pro se status, these claims are being dismissed without prejudice in the event Crisp could allege legally-sufficient claims. The court expresses no opinion as the viability of any such claim, but at a minimum any amended complaint must address the deficiencies discussed in this Memorandum Order. And while the court considers Crisp's non-lawyer status, he is cautioned that he must still abide by the legal standards, rules of procedure, and deadlines applicable to all litigants. See Alston v. Becton, Dickinson & Co., No. 1:12cv452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014). This includes Rule 11 of the Federal Rules of Civil Procedure, which provides that those who sign and file materials with the court are, by doing so, representing that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). A violation of Rule 11 is subject to sanctions, and "pro se litigants

14

are subject to any and all appropriate sanctions for their misconduct." Zaczek v. Fauquier Cty., Va., 764 F. Supp. 1071, 1077 (E.D. Va. 1991). This includes pro se litigants who file frivolous or repetitive lawsuits. See id. at 1077 n.21. Therefore, Crisp is cautioned that he cannot rely on a boilerplate complaint that does not support and address the specific facts and legal theories of his situation.

        /s/   Thomas D. Schroeder
United States District Judge

February 29, 2016

15