# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUSTER JAMES CRISP,                    )
                                       )
                 Plaintiff,            )
                                       )
        v.                             )        1:15cv303
                                       )
ALLIED INTERSTATE COLLECTION           )
AGENCY, et al.,                        )
                                       )
                 Defendants.           )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Plaintiff's Motion for Protective Order" (Docket Entry 44) (the "Protective Order Motion") as well as the "Motion to Compel" (Docket Entry 53) and "Motion to Amend Deadlines" (Docket Entry 52) (the "Extension Motion") filed by Allied Interstate Collection Agency ("Allied"). For the reasons that follow, the Court will deny the Protective Order Motion and will grant in part and deny in part the Motion to Compel and the Extension Motion.

## BACKGROUND

In April 2015, Luster James Crisp ("Crisp") commenced this action against Allied and three additional defendants (the "Collecto Defendants," and collectively with Allied, the "Defendants"), alleging that certain Defendants committed identity theft and violated the Fair Debt Collection Practices Act and the Telephone Collection Practices Act. (See Docket Entry 2.) In

August 2015, the parties submitted a Joint Rule 26(f) Report (the "Report"), specifying that:

> Discovery will be needed on the following subjects: relevant nonprivileged information, testimony and documents going toward the allegations advanced by the Plaintiff and the denials and defenses of the Defendants. The parties expect to serve interrogatories, requests for production and requests for admission. The parties also expect to engage in depositions.

(Docket Entry 36 at 1.)[1]  In the Report, the parties agreed to complete all discovery, including depositions, by February 23, 2016. (Id. at 1-2.)  The Court adopted the Report, making February 23, 2016, the discovery deadline for this action. (See Text Order dated Aug. 19, 2015.)

On January 15, 2016, Collecto Defendants served on Crisp a deposition notice, which scheduled Crisp's deposition for 10:00 a.m. on February 18, 2016, in Durham, North Carolina. (See Docket Entry 54-4 at 14-15.)  On January 21, 2016, Allied likewise served on Crisp a deposition notice (the "Deposition Notice") for a deposition "begin[ning] immediately following the taking of the deposition of [Crisp] by [Collecto] Defendants." (Docket Entry 54-1 at 1.)  On February 10, 2016, Crisp faxed to Collecto Defendants' counsel a letter asserting various objections to the noticed joint deposition (the "Deposition Letter"), including that Defendants

---

[1]  Citations herein to Docket Entry pages utilize the document's internal pagination if unified internal pagination exists.  In the absence of such pagination, the Docket Entry page citations utilize the CM/ECF footer's pagination.

needed to coordinate the date and time of any depositions with Crisp. (Docket Entry 54-4 at 17.) In addition, the Deposition Letter objected to the joint nature of the noticed deposition and attempted to condition Crisp's deposition on Crisp first deposing Defendants. (Id.) That evening, Collecto Defendants' counsel responded to the Deposition Letter by email, refusing to agree to Crisp's asserted conditions, but agreeing to accommodate any "legitimate" scheduling conflict Crisp had to the noticed deposition. (Id. at 18.) Collecto Defendants' counsel proposed three alternative dates (February 16, 19, and 22), and stated that Crisp should contact her by close of business the next day if he had such a conflict, or else they would "proceed as planned." (Id.)

On February 17, 2016, Crisp faxed a copy of the Protective Order Motion to Defendants' lawyers. (Id. at 20-23; see generally Docket Entry 44.) That afternoon, Allied's counsel sent an email to Crisp, acknowledging that Defendants' lawyers received Crisp's fax, and stating, "As there does not appear to be a pending motion before the [C]ourt on [Crisp's] request for a protective order, [Defendants' lawyers] intend to move forward tomorrow as scheduled." (Docket Entry 54-4 at 24.) That evening, Allied's counsel sent a second email to Crisp, inquiring whether he "plan[ned] on appearing tomorrow." (Id. at 26-27.) A few hours later, Crisp responded to that email, stating, "I am at the

3

hospital ICU with my baby sister. . . . No I won't be there tomorrow." (Id. at 26.)

Defendants' lawyers commenced Crisp's deposition at 10:00 a.m. on February 18, 2016. (See generally Docket Entry 54-4.)[2] Crisp did not attend. (Id.) During the deposition, Defendants' lawyers stated that Crisp's Protective Order Motion "has not yet been filed with the [C]ourt." (Id. at 8; see also id. at 12.) Defendants' lawyers concluded the deposition at 10:27 a.m., noting that they "[we]re holding the deposition open and [would] move to compel Mr. Crisp's deposition testimony as necessary." (Id. at 12.) At 11:45 a.m. on February 18, 2016, the Court received Crisp's Protective Order Motion through the United States mail. (See Docket Entry 44-1.) The Protective Order Motion therefore bears a February 18, 2016 filing date. (See Docket Entry 44 at 1.)[3]

On February 23, 2016, Collecto Defendants filed motions to compel discovery (see Docket Entries 46 through 51) and a "Motion to Stay Deadlines Pending Resolution of Pending Motions" (Docket Entry 45) (collectively, the "Collecto Motions"). Allied similarly filed the Extension Motion and Motion to Compel on February 23,

---

2  The transcript of this deposition, including the exhibits introduced therein, constitute Docket Entry 54-4.

3  Under the Federal Rules of Civil Procedure, "[a] paper is filed by delivering it:  (A) to the [court] clerk; or (B) to a judge who agrees to accept it for filing."  Fed. R. Civ. P. 5(d)(2).

4

2016.[4]  On February 29, 2016, this Court (per United States
District Court Judge Thomas D. Schroeder) granted Collecto
Defendants' motions for judgment on the pleadings, thereby
dismissing Collecto Defendants from this action and mooting the
Collecto Motions. (Docket Entry 55.)  The Protective Order Motion,
Motion to Compel, and Extension Motion remain ripe for
determination.

## DISCUSSION

### I. Discovery Standards

"The purpose of discovery is to provide a mechanism for making
relevant information available to the litigants." Fed. R. Civ. P.
26 advisory committee's notes, 1983 Amendment.[5]  Accordingly,
"[u]nless otherwise limited by court order, the scope of discovery

---

4 Collecto Defendants seek to compel Crisp's compliance with
their written discovery and deposition notice. (See Docket Entries
46 through 51; see also Docket Entry 54-4 at 19 (asking that Crisp
provide "[his] responses to the Requests for Production of
Documents which were served upon [him] on January 13, 2016 [on]
behalf of [Collecto Defendants]").)  In contrast, although Allied's
unsworn opposition to the Protective Order Motion asserts that
"[a]ll defendnats [sic] served written discovery on Mr. Crisp"
(Docket Entry 56 at 1), the evidence before the Court does not
reflect that Allied pursued written discovery (see, e.g., Docket
Entry 54-1 (noticing deposition without accompanying document
production request); Docket Entry 54 (detailing, under oath,
discovery efforts)).  In any regard, Allied's Motion to Compel only
seeks to compel Crisp's deposition rather than any responses to
written discovery.  (Docket Entry 53 at 2.)

5 Relevancy "essentially involves a determination of how
substantively the information requested bears on the issues to be
tried." Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D.
118, 131 (S.D. W. Va. 2009) (internal quotation marks omitted).

is as follows:   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  Yet "[e]ven assuming that th[e] information is relevant (in the broadest sense), the simple fact that requested information is discoverable . . . does not mean that discovery must be had.  On its own initiative or in response to a motion for protective order under [Federal Rule of Civil Procedure] 26(c), a district court may limit [discovery] . . . ."  Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 543 (4th Cir. 2004).  As such, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery . . . ."  Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 426 (4th Cir. 1996); accord Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012) (observing that "[d]istrict courts are afforded broad discretion with respect to discovery").

Therefore, the Federal Rules of Civil Procedure (the "Rules") authorize litigants to bring unresolved discovery disputes before a court through either a motion to compel discovery or a motion for protective order.  See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010).  Each of these motions requires that the moving party certify "that [it] has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1); accord Fed. R. Civ. P. 37(a)(1) ("The motion must

6

include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). As our Local Rules indicate, this Court takes the parties' good-faith conferral obligations seriously:

> The Court will not consider motions and objections relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord. The certificate shall set forth the date of the conference, the names of the participating attorneys, and the specific results achieved. It shall be the responsibility of counsel for the movant to arrange for the conference[, which must be held either in person or via telephone.]

M.D.N.C. LR 37.1(a). Finally, as with other written motions, any motion to compel or motion for protective order must "be set out in a separate pleading" and, unless resolved under the expedited procedures of Local Rule 37.1(b), must "be accompanied by a brief." M.D.N.C. LR 7.3(a).

## II. Analysis of Motions

As a preliminary matter, the Court notes that neither the Protective Order Motion nor the Motion to Compel complies with the Local Rules regarding certification and briefing. These deficiencies could justify summary denial of both motions. See M.D.N.C. LR 7.3(k) ("A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied."); M.D.N.C. LR 37.1(a) ("The Court will not consider motions and objections relating to discovery unless moving counsel files a

7

certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord."); see also M.D.N.C. LR 83.4(a) (authorizing sanctions for failure to comply with the Local Rules). In light of the impending trial date and straightforward nature of the issues presented in both motions, however, the Court exercises its discretion to consider these motions on their merits. See M.D.N.C. LR 83.4(b) ("The imposition of sanctions for violation of a local rule is discretionary with the Court."); see also M.D.N.C. LR 7.3(k). The Court nevertheless cautions the parties to fully comply with both the Rules and Local Rules in the future.

### A. Protective Order Motion

Crisp seeks a protective order curtailing his deposition, primarily on the grounds that the deposition imposes undue burdens and is unnecessary. (See Docket Entry 44 at 1.) In particular, Crisp objects to the "unilateral[] schedul[ing of] a deposition . . . to be conducted more th[a]n thirty miles out of town from where he resides." (Id.) Crisp further objects that, "[D]efendants do not have the burden of proof and there is no need for the [D]efendant[s] to seek discovery." (Id.)[6] As a result,

---

6    Crisp also takes issue with Allied's "fail[ure] and refus[al] to designate a witness as required by the [R]ules." (Docket Entry 44 at 1; see also Docket Entry 54-4 at 17 (requesting that "each defendant first designat[e] its witness and produc[e] that witness at the same time and place of [Crisp's] deposition").) The Rules do not oblige a corporate defendant to identify the witness(es) that will testify on its behalf in a deposition prior

Crisp asks the Court to prohibit his deposition. (See id. at 1.)[7]
In turn, Allied opposes the Protective Order Motion and seeks
recovery of "its attorneys' fees associated with filing" its
opposition to that motion. (Docket Entry 56 at 3.)

In our federal judicial system, each party possesses the right
to seek discovery on matters "relevant to any party's claim or
defense." Fed. R. Civ. P. 26(b)(1). As such, the fact that
"[D]efendants do not have the burden of proof" (Docket Entry 44 at
1) does not affect their right to pursue discovery, including by
deposing Crisp, as indeed the parties envisioned in the Report (see

_____

to receiving the deposition notice. See Fed. R. Civ. P. 30(b)(6).
Instead, Rule 30(b)(6) requires that the party noticing the
deposition first identify the topics for the deposition, at which
point the corporate defendant must designate the witness(es) to
testify on its behalf. Id. ("In its notice . . ., a party may name
as the deponent a . . . corporation[] . . . or other entity and
must describe with reasonable particularity the matters for
examination. The named organization must then designate one or
more officers[] . . . [or] other persons who consent to testify on
its behalf . . . ." (emphasis added)).

7 The Protective Order Motion alternatively requests vague
and/or stringent limitations on the deposition. (See Docket Entry
44 at 2.) For example, the Protective Order Motion proposes that
the deposition proceed "only on specified terms and conditions,
including a designation of the time or place." (Id.; see also id.
(appearing to propose ban on any subject other than Crisp's "email
and telephone service accounts").) Because Crisp has not shown
that Allied seeks improper discovery via deposition or that Allied
acted unreasonably in regard to scheduling the deposition, the
Court will deny that request. Nor does the Court find any basis to
establish restrictions about (i) who may attend the deposition,
(ii) the handling of any transcript of the deposition, or (iii) the
filing of documents. To the extent any matters warranting any form
of protection from disclosure come to light in the deposition, the
parties may seek appropriate relief.

Docket Entry 36 at 1).[8]  Thus, Crisp cannot avoid his deposition on this basis.

In pursuing discovery, parties must act cooperatively and in good faith.  See M.D.N.C. LR 26.1(b)(1) (mandating that litigants "conduct discovery in good faith and . . . cooperate and be courteous with each other in all phases of the discovery process"); Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D. 118, 130 (S.D. W. Va. 2009) ("The civil discovery process is to be engaged in cooperatively."); Wagner v. St. Paul Fire & Marine Ins. Co., 238 F.R.D. 418, 422 (N.D. W. Va. 2006) (observing that "[g]amesmanship" in discovery "is not allowed").  Nevertheless, the Rules generally permit the party noticing the deposition to pick its time and location.  See Fed. R. Civ. P. 30(b)(1).  Moreover, as a general principle, a plaintiff's deposition may proceed anywhere in the

---

    8  In his Protective Order Motion, Crisp baldly asserts that "[t]he depositions sought by the [D]efendants are intended for the sole purpose of intimidating [Crisp]."  (Docket Entry 44 at 1.) Crisp provides no support for this assertion in the Protective Order Motion.  (See id. at 1-2.)  Per his opposition to the Motion to Compel, however, Crisp appears to base this assertion on his contention that "[D]efendants do not have the burden of proof and there is no need for them to conduct discovery."  (Docket Entry 57 at 1.)  Allied, meanwhile, maintains that it needs the requested discovery "to conduct a comprehensive investigation into this matter and . . . properly defend itself."  (Docket Entry 53 at 2.) Accordingly, as "[t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case," Fed. R. Civ. P. 26 advisory committee's notes, 1946 Amendment Subdivision (b), the mere fact that Allied seeks discovery from Crisp does not establish an intent to intimidate him.

forum of the lawsuit, and a plaintiff must "bear any reasonable burdens of inconvenience that the action represents." <u>Carter Hughes v. Research Triangle Inst.</u>, No. 1:11CV546, 2014 WL 4384078, at *4 (M.D.N.C. Sept. 3, 2014) (internal quotation marks omitted).

Here, Allied noticed a deposition for Crisp within the Middle District of North Carolina, at a location approximately 30 miles from where Crisp resides. (<u>See</u> Docket Entry 44 at 1; Docket Entry 54-1 at 1.) Allied provided nearly a month's advance notice of the deposition date. (Docket Entry 54-1 at 1, 3.) Defendants also expressed some willingness to adjust the deposition date to accommodate Crisp's schedule. (<u>See</u> Docket Entry 54-4 at 18.) Under these circumstances, Crisp's bare contention that "[a]ttending the depositions would cause an unreasonable financial and time burden" (Docket Entry 44 at 1) does not justify his requested protective order. Accordingly, the Court will deny the Protective Order Motion.

Given this denial, the Rules generally mandate that the Court award Allied its expenses, including attorney's fees, incurred in opposing the Protective Order Motion. In particular, Rule 37 provides that:

> If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant[] . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B); <u>see also</u> Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses."). A litigant is "substantially justified" in opposing discovery "if there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action.'" <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (citations and brackets omitted).[9] Here, Crisp waited nearly three weeks after Allied noticed his deposition to raise concerns about that deposition, and then waited a further week, until the day before the scheduled deposition, to submit his wholly meritless Protective Order Motion. (<u>See</u> Docket Entry 54-4 at 17, 20-24, 34-35.) Under these circumstances, the Court will award Allied its reasonable expenses in opposing the Protective Order Motion.

### B. Motion to Compel

Coordinately, Allied seeks an order compelling Crisp's deposition and "awarding Allied sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv)." (Docket Entry 53 at 2.) Allied also seeks an award of "attorneys' fees associated with filing th[e M]otion [to Compel] and appearing at [Crisp's] deposition." (<u>Id.</u>) Crisp opposes the Motion to Compel for the reasons underlying his

---

9  Rule 37 functions to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists" as well as "to deter a party from pressing to a court hearing frivolous requests for or objections to discovery." Fed. R. Civ. P. 37 advisory committee's notes, 1970 Amendment Subdivision (a)(4).

Protective Order Motion. (Docket Entry 57 at 1-2.) In addition, Crisp challenges the joint nature of the scheduled deposition, contending that, "[Defendants] are coordinating this [deposition] with each other, but not with [Crisp] as required by the rules. The sole purpose of this type of collaboration is to harass and intimidate [Crisp]." (Id. at 1.) Finally, Crisp objects to the Motion to Compel on the grounds that "[he] filed a timely motion for protective order in response to the deposition notices . . ., and it was post marked as required by the rules, but did not appear on the docketing statement before the deposition date because it was sent via mail as permitted by the rules." (Id. at 1-2.)[10]

None of the grounds Crisp advances precludes his deposition. As discussed above, the reasons underlying Crisp's Protective Order Motion do not suffice to forestall his deposition. In addition, the dismissal of Collecto Defendants from this action (see Docket Entry 55 at 13-14) moots Crisp's objection to the joint nature of the February 18, 2016 deposition. The Court notes, however, that the Rules envision that all parties who seek to depose an individual in a case will participate in the same deposition. See Fed. R. Civ. P. 30(a)(2)(A)(ii) (conditioning additional depositions of individuals who have been previously deposed upon

---

10 In "Plaintiff's Response to Motion to Compel," Crisp asks the Court to inquire into the alleged collaboration between Defendants. (See Docket Entry 57 at 2.) Crisp has not shown any basis for Court action in that regard.

leave of court or consent of all parties); Fed. R. Civ. P. 30(c)(3) ("Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must ask the deponent those questions and record the answers verbatim."). The Court will therefore order Crisp's deposition.[11]

In addition to Crisp's deposition, the Motion to Compel seeks sanctions "pursuant to [Rule] 37(b)(2)(A)(i)-(iv)." (Docket Entry 53 at 2.) That Rule authorizes sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Allied identifies no basis for awarding sanctions under Rule 37(b)(2)(A) (<u>see</u> Docket Entries 53, 58), and indeed none exists, as the instant order constitutes the first such order in this case (<u>see</u> Docket Entries dated Apr. 8, 2015, to present). The

---

11    Crisp maintains that the purpose of Defendants "undertak[ing] depositions of [Crisp] . . . in addition to asking him discovery questions simultaneously, at the very limits of the time permitted for discovery" was "to intimidate and harass [him]." (Docket Entry 57 at 1.) The Rules permit litigants to pursue both written and deposition discovery. <u>See, e.g.,</u> Fed. R. Civ. P. 30(b)(2) ("The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."). Thus, Collecto Defendants' pursuit of both written and oral discovery within the discovery period does not itself establish that Defendants acted improperly in pursuing discovery. Moreover, as with Crisp's objection to the joint deposition, Collecto Defendants' dismissal from this litigation moots Crisp's objection regarding simultaneous written and oral discovery.

Court accordingly denies Allied's request for Rule 37(b) sanctions.[12]

Finally, Allied seeks attorney's fees for the Motion to Compel and for appearing at Crisp's deposition. (See Docket Entry 53 at 2.) Rule 37(a)(5) authorizes expense-shifting for successful motions to compel, and Rule 37(d) authorizes expense-shifting where a party fails to appear at a properly noticed deposition. However, both rules prohibit expense-shifting if the noncompliant party's actions were "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); accord Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Additionally, Rule 37(a)(5) prohibits such expense-shifting if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

In evaluating the propriety of expense-shifting, the Court first notes that Allied (rightly) has not certified that it attempted to resolve this controversy without court intervention, a prerequisite to awarding such expenses under Rule 37(a)(5). (See

---

12 Rule 37(d) authorizes imposition of sanctions for a litigant's failure to participate in discovery. See 37(d)(1)(A). Those "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). Although Allied does not reference Rule 37(d) in any of its filings (see Docket Entries 52, 53, 54, 56, 58), the Court will address the propriety of Rule 37(d) sanctions in evaluating the Motion to Compel. The Court notes, however, that seeking sanctions pursuant to one Rule does not equate to seeking, under the authority of a different Rule, the type of sanctions "listed in" that first Rule.

15

Docket Entries 53, 54, 58.) Through the Deposition Letter, Allied learned of Crisp's views regarding his deposition no later than February 10, 2016. (See Docket Entry 54 at 1; Docket Entry 54-4 at 10, 18.) Allied did not respond, and Collecto Defendants generally refused to accede to Crisp's demands. (See, e.g., Docket Entry 54-4 at 18.) Crisp then waited until February 17, 2016, the day before his scheduled deposition, to provide his Protective Order Motion to Defendants (and to mail it to the Court). (See id. at 20-24; Docket Entries 44, 44-1.)

Around midday on February 17, 2016, Allied received a faxed copy of Crisp's Protective Order Motion. (See Docket Entry 54 at 2; see also Docket Entry 54-2.) Shortly before two that afternoon, Allied responded to Crisp's fax as follows: "[Defendants' lawyers] received your fax. As there does not appear to be a pending motion before the [C]ourt on your request for a protective order, we intend to move forward tomorrow as scheduled." (Docket Entry 54-3 at 1.) Crisp apparently did not respond to that email, prompting Allied to contact him around 6:30 that evening to inquire whether he planned to attend the scheduled deposition. (Docket Entry 54-4 at 8, 26-27.) Shortly before nine that night, Crisp informed Defendants that he was at the hospital with a family member and would not appear at the deposition. (See id. at 26.) Crisp did not mention this medical situation in his Protective Order Motion. (See Docket Entry 44; see also Docket Entry 54-4 at 9.) Finally,

16

in the six days between learning of this medical situation and filing the Motion to Compel, Allied evidently did not attempt to communicate with Crisp about his deposition, including the possibility of rescheduling it. (<u>See generally</u> Docket Entries 52, 53, 54, 54-4, 56, 58.)

As the above analysis of the Protective Order Motion and Motion to Compel demonstrates, Crisp's objections to the deposition may have arisen from simple confusion regarding the scope and nature of discovery under the Rules. Although pro se status does not exempt litigants from compliance with discovery obligations, <u>see</u> <u>Garity v. Donahoe</u>, No. 2:11CV01805, 2014 WL 1168913, at *6 (D. Nev. Mar. 21, 2014) (explaining that "pro se status does not relieve [litigants] of obligations to comply with discovery rules"), pro se litigants generally lack the understanding and expertise regarding court procedures and rules that attorneys possess. That consideration highlights the significance of Allied's failure to comply with its conferral obligations, <u>see,</u> <u>e.g.,</u> M.D.N.C. LR 37.1(a). Specifically, Defendants could conceivably have avoided this discovery dispute by engaging in a meaningful consultation with Crisp regarding his objections. <u>See</u> <u>Hernandez v. Hendrix Produce, Inc.</u>, 297 F.R.D. 538, 540 n.3 (S.D. Ga. 2014) (recognizing that "meaningful consultation can lead to informal resolution and thus conservation of court resources"). For example, Defendants could have referred Crisp to the pertinent

17

Rules authorizing Defendants' contested behavior — a procedure routinely employed in negotiating discovery disputes, see, e.g., Dillon v. BMO Harris Bank, N.A., Case No. 1:13cv897, Docket Entries 164-2, 164-3 (M.D.N.C. Sept. 11, 2015) (explaining party's discovery position and supporting authority).[13]

Under these circumstances, the Court declines to award expenses to Allied regarding the Motion to Compel. Nevertheless, the Court remains troubled by the belated nature of Crisp's Protective Order Motion and notification to Defendants — only in response to Allied's inquiry — that Crisp would not attend the scheduled deposition. In addition, the current record provides insufficient information regarding Crisp's family medical situation to establish whether this matter arose after Crisp faxed his Protective Order Motion to Defendants or whether it constituted a preexisting circumstance that merited earlier disclosure. Accordingly, the Court will direct Crisp to show cause as to why he should not be required to pay Allied's reasonable attorney's fees arising from his failure to attend his scheduled deposition on February 18, 2016. See Fed. R. Civ. P. 37(d).

---

13 Even if such consultation had not obviated the need for judicial intervention, it well may have revealed whether Crisp acted from a desire to thwart discovery rather than from genuine confusion.

## C. Extension Motion

Finally, Allied asks the Court "to extend . . . Allied's deadline to complete discovery so that the deposition of [Crisp] can be completed." (Docket Entry 52 at 2.) Allied additionally requests that the Court "extend[] the deadline for [D]efendants [to] complete discovery sixty (60) days from the entry of the orders resolving all pending motions." (Id. at 2.) Crisp did not respond to the Extension Motion. (See Docket Entries dated Feb. 23, 2016, to present.) Thus, pursuant to Local Rule 7.3(k), the Extension Motion "ordinarily [would] be granted without further notice."

The circumstances of this case, however, do not warrant the requested sixty-day extension. This Court's Local Rules mandate that parties commence discovery in sufficient time for its completion within the discovery period. M.D.N.C. LR 26.1(c). The Local Rules further provide that any "[m]otion[] seeking an extension of the discovery period . . . . must set forth good cause justifying the additional time and will be granted or approved only upon a showing that the parties have diligently pursued discovery." M.D.N.C. LR 26.1(d). Here, barely a month before the discovery period ended, Allied noticed Crisp's deposition for a date only three business days before discovery closed. (See Docket Entry 54-1.) Allied neither sought written discovery in connection with that deposition (see id.) nor scheduled the deposition sufficiently

19

in advance of the discovery deadline to enable Allied to pursue written discovery following the deposition, see, e.g., Fed. R. Civ. P. 34(b)(2)(A) (establishing thirty-day response period for production requests). As such, Allied has not shown "good cause" for the requested sixty-day extension. The Court therefore declines to extend the discovery period beyond authorizing completion of Allied's deposition of Crisp in accordance with the Deposition Notice.

<strong><u>CONCLUSION</u></strong>

Crisp has failed to justify a protective order prohibiting his deposition, which the Rules authorize Allied to conduct. Accordingly, Crisp must sit for his deposition and Allied should recover its expenses associated with opposing the Protective Order Motion. Further, Crisp must show cause why the Court should not award further expenses related to his failure to attend his previously scheduled deposition. Conversely, Allied has failed to justify its requests for Rule 37(b) sanctions, expense-shifting for the Motion to Compel, and a sixty-day extension of the discovery period.

**IT IS THEREFORE ORDERED** that the Protective Order Motion (Docket Entry 44) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Compel (Docket Entry 53) is **GRANTED IN PART** and **DENIED IN PART** as follows: no later than June 3, 2016, Crisp shall appear for his deposition at a date,

20

time, and location properly noticed by Allied, after reasonable efforts to consult with Crisp. Allied may not demand any written discovery, including production of documents, from Crisp.

**IT IS FURTHER ORDERED** that, on or before May 27, 2016, Allied shall serve Crisp with a statement setting out the expenses that Allied incurred (i) in responding to the Protective Order Motion and (ii) in attending Crisp's February 18, 2016 deposition. Failure by Allied to comply with this Order will result in denial of any related expense-shifting.

**IT IS FURTHER ORDERED** that, if Allied timely serves such a statement of expenses, Crisp shall file, on or before June 10, 2016, a Memorandum of no more than ten pages explaining (i) why Crisp should not have to pay the expenses Allied incurred in attending the February 18, 2016 deposition and (ii) any objections Crisp wishes to present regarding the reasonableness of the claimed expenses, along with a certification that the parties have attempted in good faith to resolve any disagreement over the reasonableness of the claimed expenses. Failure by Crisp to comply with this Order may result in the Court ordering, upon the filing of a Notice by Allied of its reasonable expenses as contained in the statement it served upon Crisp, the payment of such expenses by Crisp.

**IT IS FURTHER ORDERED** that, on or before June 24, 2016, Allied may file a Response of no more than five pages to any Memorandum

timely filed by Crisp contesting the reasonableness of the claimed expenses. Failure by Allied to comply with this Order will result in denial of any expenses contested by Crisp as unreasonable.

**IT IS FURTHER ORDERED** that, on or before July 8, 2016, Crisp may file a Reply of no more than three pages to any Response timely filed by Allied regarding the reasonableness of the claimed expenses.

**IT IS FURTHER ORDERED** that, upon completion of the foregoing briefing or the time period for such briefing, the Clerk shall refer this matter back to the undersigned Magistrate Judge for further action.

**IT IS FURTHER ORDERED** that the Extension Motion (Docket Entry 52) is **GRANTED IN PART** and **DENIED IN PART** as follows: Allied may take Crisp's deposition on or before June 3, 2016. Allied may pursue no additional discovery without leave of Court.

This 12th day of May, 2016.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

22